**Wayne BEATTIE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 31030.**

Missouri Court of Appeals,
Western District.

July 8, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 4, 1980.

Application to Transfer Denied
Sept. 9, 1980.

Roger M. Prokes, Maryville, for appellant.

John Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

CLARK, Presiding Judge.

Appellant filed a motion under Rule 27.26 to vacate a judgment of conviction and a sentence of eight years on his plea of guilty to the charge of receiving stolen property in

violation of § 560.270, RSMo 1969. The trial court appointed counsel, afforded an evidentiary hearing on the motion allegations, denied relief and this appeal followed.

Three points of error are advanced, one initially briefed by appellant's attorney and two contained in a supplemental brief which was filed after appellant complained in a pro se brief that counsel on appeal had abandoned additional grounds of the original motion contrary to appellant's instructions. These additional points will be addressed as presented both in the pro se brief and in the brief by counsel.

The points relied on are: (1) that appointed trial counsel was ineffective by reason of inadequate investigation and preparation of the defense, (2) that appellant's expectation of a more lenient sentence was not fulfilled, and (3) the length of sentence imposed was influenced by improper consideration of prior criminal proceedings against appellant in Texas.

The facts which gave rise to the charge against appellant were brief and were recounted in the guilty plea hearing. A Nodaway County farmer discovered on December 23, 1977 that 53 hogs had disappeared from his farm the previous night. The hogs bore identifying sale tags in their ears. Tire tracks and yellow paint scrapings were found in the feed yard. Investigation immediately focused on appellant who was known to possess a trailer painted yellow and suitable for transporting such stock. Officers visited appellant's farm and found several of the hogs there. Remaining numbers of the missing hogs were recovered from a livestock sale barn where the auctioneer told officers appellant had left the hogs for sale. Appellant was arrested and charged December 24, 1977.

On the first point, appellant faults preparation of his defense because evidence casting doubt on identification of his trailer as the one used to transport the purloined hogs was not developed. He suggests that actual measurement showing ground clearance of his trailer and an independent chemical analysis of the paint samples would have been to his advantage and, had the evidence been available, his decision to plead guilty would have been significantly affected.

The ground clearance of the trailer entered the case when, at the preliminary hearing, evidence was offered that clearance of the chief's trailer was fourteen inches. Apparently, the state's case also included the results of a chemical comparison of paint samples from the scene of the theft with the paint on appellant's trailer. The report concluded that the paint scrapings could have come from appellant's trailer.

Competency of counsel's services is measured when challenged after a guilty plea by inquiry as to whether the alleged incompetency vitiated the requisite understanding and voluntariness of the plea. *Barylski v. State*, 473 S.W.2d 399 (Mo.1971); *Giles v. State*, 562 S.W.2d 106 (Mo.App. 1977); *Haliburton v. State*, 546 S.W.2d 771 (Mo.App.1977). If the claim is based on failure of counsel to develop evidence, it is necessary to show that the additional investigation and preparation would have borne fruit in beneficial evidence improving the accused's position. *Curry v. State*, 504 S.W.2d 97 (Mo.1974); *Brewster v. State*, 577 S.W.2d 911 (Mo.App.1979); *Bibee v. State*, 542 S.W.2d 540 (Mo.App.1976). The gist of the contention is that the guilty plea was uninformed because the defendant was denied evaluation of his case with all potentially favorable evidence in prospect.

As to the clearance height of appellant's trailer, this information was available to appellant without investigatory effort by the attorney. In fact, the discrepancy between the state's evidence as to ground clearance and appellant's measurement originated when appellant himself measured the trailer at his attorney's suggestion. The paint comparison test by the state was, at best, of little probative value because no certain opinion was expressed that the paint fragments found actually came from appellant's trailer. Despite this, the value of another chemical test is entirely conjectural because no indication is given as to what opinion would have followed.

Further, the identity of the trailer was both *remote from* and collateral to the offense with which appellant was charged— receiving stolen property. While he had originally been charged with stealing the hogs, the charge was amended early in the proceedings. There is no indication that amendment of the charge was in any way related to the guilty plea or that appellant was misled as to the offense in question. Appellant fails to demonstrate how evidence casting doubt upon use of his trailer in the theft would have aided in defense of the charge of receiving stolen property, particularly in view of the evidence as to appellant's possession of the stolen property at a time soon after it was taken. Identification of the trailer was of minimal significance and evidence showing that the trailer used was not appellant's could not have materially affected the outcome of the case. Appellant's first point has no merit.

Appellant next contends that his guilty plea was involuntary because he was under the impression he would receive a lesser sentence than that which was imposed. At the motion hearing, appellant acknowledged that no promise of a light sentence had been made to him, but he had expected the sentence to be no more than two years. The basis for the point advanced is the contention that a voluntary plea depends on the defendant's subjective state of mind and if defendant's expectation of sentence is false or ill founded, then the plea is involuntary.

■ Appellant misapprehends the nature of mistake or misapprehension which renders a guilty plea involuntary and entitles the defendant to withdraw the plea. Expectation of a lighter sentence or a disappointed hope for a lesser sentence is not enough. While defendant's belief as to an anticipated sentence is necessarily subjective, the test to be applied is whether there is a reasonable basis in the guilty plea record for defendant to have had such a belief. *McMahon v. State,* 569 S.W.2d 753 (Mo. banc 1978).

■ Here, there was no evidence that appellant's guilty plea was preceded by any plea bargaining or any representations whatever by the prosecuting attorney or by his own attorney as to what length of sentence would follow. Of course, both appellant and his attorney hoped that the sentence would be short, but the trial judge clearly instructed appellant before accepting the plea that the decision as to length of sentence within the statutory range was exclusively a determination made by the court. On this record, there is no basis to conclude that appellant's disappointment in the length of sentence rendered his plea involuntary.

Finally, appellant urges that the sentence should be vacated because the trial court imposed sentence after considering a prior conviction of appellant in Texas for theft. That conviction, he asserts, was not proven in the manner required under § 556.280, RSMo 1969 (the second offender act), it was not a conviction at all because imposition of sentence was suspended, and the consequence of improperly including this unfavorable factor was a greater sentence than would otherwise have been imposed.

■ Section 556.280, RSMo 1969 has no application to pleas of guilty because the statute only operates to vest sentencing power in the court in jury-tried cases. *State v. Lang,* 491 S.W.2d 12 (Mo.App.1973). Rule 27.07 (now Rule 29.07) authorizes the court to consider various factors, including the prior criminal record of the defendant, in imposing sentence. Any factor related to defendant's previous conduct and propensities is proper for the court to consider in determining punishment. Thus, it is not error for the court to be advised of other pending charges against the defendant, *State v. Paige,* 550 S.W.2d 582 (Mo.App. 1977), of information about arrests which did not result in convictions, *State v. Oldham,* 546 S.W.2d 766 (Mo.App.1977), and a previous commitment of the defendant as a sexual psychopath. *Bynum v. State,* 545 S.W.2d 720 (Mo.App.1977).

■ The actual details of appellant's prosecution in Texas are irrelevant. The court was entitled to consider appellant's

involvement in criminal activities there, particularly as defendant himself acknowledged that he was on probation under order of a Texas court at the time of his arrest in this case. The final point of appellant's brief is rejected.

The judgment is affirmed.

All concur.