Anthony Joseph FRANA,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 12504.

Missouri Court of Appeals,
Southern District,
Division Two.

June 11, 1982.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Susan Appelquist, J. A. Appelquist Law Offices, Springfield, for movant-appellant.

PREWITT, Presiding Judge.

Movant filed a motion under Rule 27.26 seeking to have his sentences and convictions on charges of burglary and stealing vacated, set aside or corrected. The charges were contained in a two-count information and movant pled guilty to both charges. Following an evidentiary hearing the trial court denied all relief sought.

Movant contends that the trial court erred because he proved by a preponderance of the evidence: (1) that his guilty pleas were induced by a promise in a plea bargain agreement that was not adhered to; and (2) that the attorney representing him at that time was ineffective in formulating and presenting that plea bargain arrangement to the court. Movant contends that he was informed by that attorney that a plea bargain agreement had been made with the prosecuting attorney's office that if he would plead guilty to the charges of burglary and stealing the sentences on those charges would run concurrently with any imprisonment he might receive if his probation on an earlier charge was revoked. The sentencing on the burglary and stealing charges was two days before movant's probation was revoked.

Whether an agreement as contended by movant existed and whether his trial attorney had told him of that agreement was disputed. Movant and some members of his family testified that before the plea movant's attorney said that there was such an agreement. The attorney for movant at the time of the plea and the assistant prosecuting attorney, who handled the matter for the state, denied that such an agreement existed or that movant had been told that it did. Their version of the plea bargain agreement included an understanding that the sentences for burglary and stealing would run concurrently but that no part of the agreement was related to the earlier charge. No mention of movant's version of the plea bargain agreement was made to the judge who sentenced movant on the burglary and stealing charges. The judge was informed that the agreement was four years on each count with the sentences to run concurrently. At that time movant said he had received no promises other than that plea arrangement.

The trial court found that there was never an agreement as contended by movant; that movant was not told that it did exist and that he did not have a reasonable basis for a belief that the time he might receive on the earlier charge would be concurrent with that for the burglary and stealing charges. There was sufficient evidence to support those findings. Weighing the evidence and assessing the credibility of witnesses was for the trial court. *Trimble v. State*, 588 S.W.2d 168, 170 (Mo.App.1979). We cannot say these findings are clearly erroneous. Rule 27.26(j).

If there is no reasonable basis to believe such an agreement existed, movant's first point has no merit. See *Beattie v. State*, 603 S.W.2d 42, 45 (Mo.App.1980). His second point must also fail as his attorney could not have been ineffective in formulating and presenting a plea bargain agreement that did not exist.

The judgment is affirmed.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.