Newton TRITICO, Movant,

v.

STATE of Missouri, Respondent.

No. 54297.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 20, 1988.

Mary Ann Gerber, Asst. Public Defender, Hillsboro, for movant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant, Newton Tritico, appeals from the denial of his Rule 27.26[1] motion after an evidentiary hearing. Movant had previously pleaded guilty to burglary and stealing and had been sentenced to a total of ten years imprisonment.

On appeal, movant claims error in the denial of his motion because his attorney (1) was unprepared for trial, and (2) failed to correctly advise movant of the range of punishment for the offenses for which he was charged. We affirm.

Movant first claims that he was denied effective assistance of counsel because his attorney was not prepared for trial, thereby coercing him into entering a guilty plea. As proof of this assertion movant cites the fact that his attorney only met with movant on three occasions, failed to appear at the arraignment, and failed to investigate and prepare a possible intoxication defense.

■ Movant's claim is without merit. An attorney's competence is not based solely upon the amount of time spent in interviewing the client. *State v. Young*, 488 S.W.2d 221, 223 (Mo.App.1972). The movant must show that he was prejudiced by the lack of contact with the attorney. *Id.* The record here is devoid of any indication that movant was prejudiced by an inability to meet more frequently with his attorney. Moreover, movant failed to show what information his trial counsel failed to discover that would have lead to a viable defense. *See Thomas v. State*, 665 S.W.2d 621, 624 (Mo.App.1983); *Beattie v. State*, 603 S.W.2d 42, 44 (Mo.App.1980).

■ Counsel's absence at an arraignment where a plea of not guilty is entered is not a per se violation of any constitutional right. *Montgomery v. State*, 461 S.W.2d 844, 846 (Mo.1971). As the hearing court found, the arraignment was a mere formal reading of the charge, and movant entered a plea of not guilty. Consequently, his attorney's absence was not prejudicial.

■ We also reject movant's assertion that his attorney failed to investigate and prepare a possible intoxication defense. First, his allegation is not supported by the hearing court's record. Movant only asserted conclusions at the evidentiary hearing and failed to elicit any facts which would support those conclusions. Moreover, a movant for post-conviction relief who asserts ineffective assistance of counsel based on inadequate investigation must show that a more extensive investigation would have uncovered evidence which would have improved his trial position. *Stuckey v. State*, 756 S.W.2d 587, 592 (W.D.Mo.App.1988). Again, movant failed to show what information his trial counsel failed to discover that would have lead to a viable defense. *Thomas*, 665 S.W.2d at 624; *Beattie*, 603 S.W.2d at 44. We note that movant failed to call his attorney as a witness at the 27.26 hearing and question him about his strategy and preparation for trial. *See Burgess v. State*, 466 S.W.2d 673, 674 (Mo.1971). Movant's counsel was not ineffective for failing to raise issues relating to a possible intoxication defense. *See Johnson v. State of Missouri*, 479 S.W.2d 416, 420 (Mo.1972); *see Smith v. Wyrick*, 693 F.2d 808, 810 (8th Cir.1983).

Finally, as the hearing court found, the record of the guilty plea clearly refutes movant's allegations of dissatisfaction with his attorney. Movant stated at that time that he did not have any criticism of his attorney. In addition, movant stated that he had discussed his guilty plea with his attorney before entering it and had understood the ramifications of the plea. Movant's first point is denied.

■ Movant's second assertion of error is that he was denied the effective assistance of counsel because his attorney failed to correctly advise movant of the range of punishment for the offenses for which he was charged. The hearing court found, and the record clearly reflects, that the prosecutor read the correct range of punishment for all of the charges to the mov-

---

1. Rule 27.26 was repealed, effective January 1, 1988. However, this appeal is governed by Rule 27.26 because the sentence was pronounced pri- or to January 1, 1988, and movant's Rule 27.26 motion was then pending. *See,* Rule 24.035(*l*), effective January 1, 1988.

ant at the time of his guilty plea. Movant's second point is denied.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.