**STATE of Missouri, Respondent,**

v.

**D'Andre ANTHONY, Appellant.**

**D'Andre ANTHONY, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 59012, 60748.

Missouri Court of Appeals, Eastern District, Division Three.

July 28, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 2, 1992.

Application to Transfer Denied Oct. 27, 1992.

Jeannie Arterburn, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from jury conviction of unlawfully distributing a controlled substance, cocaine, within one thousand feet of a public school, for which Defendant was sentenced as a prior and persistent offender to thirty years' imprisonment. Defendant also appeals from the subsequent denial of his Rule 29.15 motion. Affirmed.

On October 11, 1989, Police Officer Rodney Brunson was operating undercover as part of the Street Corner Apprehension Team (SCAT). He received information about suspected narcotics dealers operating from a vacant house across from Ford Middle School. Brunson arrived in the area wearing a Kel transmitter in order to allow a surveillance team to record his conversations. As he approached the vacant house, Officer Brunson heard a male call to him through a hole in a piece of plywood which covered a window of the vacant house. Defendant asked Officer Brunson if he was "looking," a term commonly used to inquire whether a person is interested in purchasing narcotics. Brunson responded affirmatively and walked into the yard of the residence, looking up to speak to Defendant in the window. Brunson asked for a "fifteen cent piece," an amount of crack cocaine worth $15. Defendant indicated he had no fifteen cent pieces.

Brunson then observed other individuals on the porch putting money through the hole in the plywood and in return receiving an item from Defendant. Brunson went up to the porch and stood in line behind the others. When he approached the hole in the plywood, Brunson asked if Defendant had any "twenties," a piece of crack worth $20. Defendant indicated he did, and Brunson gave Defendant two five-dollar bills

and one ten-dollar bill, which had been previously photocopied to record the serial numbers. Defendant then walked away from the hole and handed the money to another person who handed Defendant a small item. Defendant returned to the window, reached through the hole and gave Brunson an off-white rock-like substance, later determined to consist of .04 grams of cocaine base.

Brunson left the porch, advised the surveillance teams the transaction was complete, and gave a brief description of Defendant. Members of the arrest crew arrived, stopped and arrested Defendant.

Defendant did not testify and presented no evidence. The jury found Defendant guilty. Defendant filed a Rule 29.15 motion. The court held an evidentiary hearing and issued an order denying the motion.

▇▇ On direct appeal, Defendant raises five points. He first alleges the trial court abused its discretion and plainly erred in denying his *pro se* motion to dismiss trial counsel on the day of trial. The ultimate determination as to whether Defendant should be allowed to discharge his attorney is a matter within the discretion of the trial court. *State v. Hornbuckle,* 769 S.W.2d 89, 96[14] (Mo. banc 1989), *cert. denied,* 493 U.S. 860, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989). This court will not interfere unless there has been a clear abuse of discretion, and every intendment in favor of the trial court will be indulged. *Id.* at 96[15].

▇▇ Defendant did not show the irreconcilable conflict of total breakdown in communication necessary for dismissal of counsel. *Id.* at 96[16]. The trial court examined Defendant regarding his reasons for desiring dismissal of his attorney. His attorney had written to him. The two met the day before trial and reviewed his file. The court noted counsel could not be blamed for the fact Defendant was incarcerated in Jefferson City. Defendant merely claimed a general dissatisfaction with the amount of time he was able to spend with counsel. Point denied.

Defendant next protests the playing and admission into evidence of the Kel tape recording. He specifically claims the unintelligible and inaudible portions were so substantial as to render the entire tape untrustworthy; the presentation of the recording during closing argument constituted improper rebuttal evidence; and the playing of the tape to the jury during deliberation improperly bolstered Officer Brunson's testimony.

The record shows the following exchange took place at trial:

Prosecutor: Your Honor, I'd asked permission to play the tape to the jury at this point.

The Court: Okay. Any objection?

Defendant: No.

The Court: You may play the tape.

▇▇ Defendant affirmatively waived the issue of admission of the tape into evidence by stating there was no objection. *State v. Meyers,* 770 S.W.2d 312, 314[1] (Mo.App.1989). Furthermore, it is well settled that a partially inaudible tape recording is admissible if the inaudible portions do not render the entire tape untrustworthy; this question is left to the discretion of the trial judge. *State v. Taylor,* No. 58775 slip op. at 9 (Mo.App.E.D. May 12, 1992) [831 S.W.2d 266 (Table)]. In this case, there was nothing indicating the omitted portions contained anything favorable to Defendant. There was no claim of deliberate editing of the tapes by the State. Under these circumstances admission of the tape was not an abuse of discretion. *State v. Torregrossa,* 680 S.W.2d 220, 230 [16–18] (Mo.App.1984).

▇▇ Defendant did object to the playing of the tape during the rebuttal portion of the State's closing argument, claiming it constituted improper rebuttal evidence. This claim of error will not be sustained because the portions of the tape were played in direct response to Defendant's arguments. *State v. Bellew,* 586 S.W.2d 461, 463[1] (Mo.App.1979). Defense counsel argued in closing:

First we have this tape. What did the tape tell us? Didn't tell us anything

because it was all garbled. Yet Detective Brunson told us that he could identify my client's voice on that tape....

The playing of the tape was invited and therefore no error existed.

■ Finally, allowing the jury to hear the tape during deliberations was not an abuse of discretion. The tape had been played in open court. The trial court retained control of the jury's exposure by requiring the sheriff play the tape and permitting it to be heard only once during deliberation. In addition, the jury viewed other exhibits, namely photographs, which diminished any emphasis on the tape. *State v. Hogan*, 748 S.W.2d 766, 769[4] (Mo.App.1988). Point denied.

■ Defendant also alleges the trial court plainly erred in failing to dismiss the charge against him because § 195.214, RSMo Cum.Supp.1989, is void for vagueness and overbreadth. A constitutional question is waived if not raised at the earliest possible opportunity. *Grady v. State*, 743 S.W.2d 535, 536[2] (Mo.App.1987). Defendant did not challenge the statute at trial or in his motion for judgment of acquittal or for new trial. This contention has therefore been waived. *See also State v. Thompson*, 627 S.W.2d 298, 303[4] (Mo. banc 1982).

■ Defendant next contends the trial court erred in submitting the "reasonable doubt" instruction based on MAI–CR3d 302.04. Defendant claims the phrase "firmly convinced" of Defendant's guilt unconstitutionally lowered the State's burden of proof. This instruction has been repeatedly upheld. Our Missouri Supreme Court most recently upheld it in *State v. Blankenship*, 830 S.W.2d 1, 12–13 (Mo. banc 1992). Point denied.

■ For his final point on direct appeal, Defendant argues the unavailability of the Kel tape recording has hindered his case by not being able to provide this court with a complete record on appeal. Defendant is entitled to a full and complete transcript on appeal. However, a transcript which is inaccurate or incomplete does not automatically require reversal. *State v.*

*Fults*, 719 S.W.2d 46, 48[1] (Mo.App.1986). To obtain retrial Defendant must show: (1) he exercised due diligence to correct the inaccuracy or supply the omission; and (2) he is prejudiced as a result of the inability to present an accurate and true record. *Id.* The first prong has been met since there is no dispute the tape is lost and there is no suggestion Defendant's lack of diligence is to blame. *Forest v. State*, 787 S.W.2d 789, 790[2] (Mo.App.1990). As for the second requirement, Defendant has failed to show how he was prejudiced as a result of the tape being unavailable. Defendant's only specific claim of prejudice is his argument that he was prejudiced because the unintelligible portions of the tape somehow corroborated Officer Brunson's testimony. If the tape corroborated Officer Brunson's testimony it, by necessity, was intelligible and relevant. Defendant has therefore failed to aver any specific instances of prejudice. *Fults*, 719 S.W.2d at 48[2]. Point denied.

■ In Defendant's first point appealing the denial of his 29.15 motion, he argues trial counsel was ineffective for: failing to investigate the crime scene; failing to adequately consult with Defendant; and failing to sufficiently review the handwritten notes and the report by the police. Defendant claims if counsel had investigated the crime scene, information about the size of the hole in the plywood and the amount of light in the house would have been discovered and would have aided in a misidentification defense. Officer Brunson testified he viewed Defendant's face and spoke to him through a hole in a piece of plywood. Officer Brunson positively identified Defendant at the police station and in court. The additional facts counsel could have obtained through further investigation do not warrant relief as they would have served merely to impeach the State's witness. *Allbritton v. State*, 747 S.W.2d 687, 689[4] (Mo.App.1988).

■ Defendant's assertion counsel was ineffective because she failed to request a continuance where she did not meet or consult with Defendant until the after-

noon before trial, is also without merit. An attorney's competence is not based solely upon the amount of time spent with the client. *Tritico v. State,* 767 S.W.2d 563, 564[1] (Mo.App.1988). The movant must show prejudice resulted because of the lack of contact with the attorney. *Id.* Trial counsel testified she reviewed the entire file. Defendant was incarcerated in Jefferson City. Defendant had not responded to earlier requests for information about potential witnesses. The day before trial, counsel met with Defendant and shared all information she had obtained.

The record in this case fails to indicate Defendant was prejudiced by his purported failure to meet more frequently with his attorney or by the failure to request a continuance because Defendant has failed to show what information counsel failed to discover which would have led to a viable defense. *Tritico,* 767 S.W.2d at 564[1].

Defendant also argues trial counsel was ineffective for failure to sufficiently review police notes and reports which resulted in counsel's ineffective cross-examination. Regarding this issue, the motion court stated:

> This court has examined the notes and reports of Detectives Brunson and Siberg as well as their trial testimony. Although their notes and reports do not mirror their subsequent trial testimony, this Court concludes that any inconsistencies between the two are not material. Furthermore, movant has not shown how this would have helped this case except to claim that these detectives could have been impeached.

The motion court did not clearly err as the substance of the potential impeachment failed to establish a defense. *Lane v. State,* 778 S.W.2d 769, 771 (Mo.App.1989).

■■■ Defendant also claims trial counsel was ineffective for failing to file a motion to suppress or object to the Kel tape recording and for failing to move to dismiss the charge based upon the unconstitutionality of § 195.214, RSMo. As a general rule the failure to object to certain evidence does not rise to the level of ineffective assistance of counsel unless movant has suffered a substantial deprivation of the right to a fair trial. *Burton v. State,* 817 S.W.2d 928, 930[5] (Mo.App.1991). As discussed in Defendant's point claiming plain error in admitting the tape into evidence, nothing in the record indicates error in its admission. Counsel is not ineffective for failing to object to admissible evidence. *State v. Twenter,* 818 S.W.2d 628, 643[26] (Mo. banc 1991).

■■■ Finally, Defendant contends trial counsel was ineffective for failing to file a motion to dismiss the charge against Defendant because § 195.214, RSMo is unconstitutionally vague, ambiguous and overbroad. There is no merit to Defendant's vagueness complaint about the terms "public school" and "within one thousand feet." A reasonable individual would not be so confused by these terms that he could not reasonably read and understand what is prohibited. They are terms of common usage and possess no inherent technical meaning, nor does use of them convey any technical legal meaning. *State v. McMillian,* 649 S.W.2d 467, 472[12] (Mo.App.1983).

Defendant's attack on the basis of overbreadth assumes the statute is vague, which it is not. Defendant's attacks on the basis of vagueness and overbreadth are found to be mere colorable attacks upon the statute, not raising valid constitutional challenges. Therefore, jurisdiction to rule on the questions rests with this court. *Id.* at 472, 474 [12, 18]. Because these attacks would have been meritless, the alleged failures of counsel did not result in substantial deprivation of the right to a fair trial. *Ruff v. State,* 815 S.W.2d 460, 465[12] (Mo. App.1991). Point denied.

The judgments of the trial and motion courts are, in all respects, affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.