**STATE of Missouri, Plaintiff–Respondent,**

v.

**Arnell LOWERY, Defendant–Appellant.**

**No. 68692.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 6, 1996.

John M. Schilmoeller, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Defendant appeals from the judgments entered by the trial court upon the convictions by a jury of robbery in the first degree, § 569.020, RSMo 1994, and armed criminal action, § 571.015, RSMo 1994. He was sentenced by the trial court to concurrent terms of twelve years' imprisonment for the robbery and three years for the armed criminal action. The court further ordered the sentences to run concurrently with the sentences imposed on two unrelated criminal cause numbers. Defendant asserts the trial court erred by not allowing the jury to consider the issue of punishment on the convictions. We vacate the sentence and remand for sentencing.

Defendant was charged by information with first-degree robbery, armed criminal action, and as a prior offender, § 558.016.2, RSMo 1994, for having previously pled guilty to the felony of unlawful use of a weapon-exhibiting/flourishing. No hearing was conducted on Defendant's alleged prior offender status. At trial, Defendant testified that he had pled guilty to unlawful use of a weapon and possession of cocaine. He said he had been placed on probation for these offenses and, as a condition of his probations, he was incarcerated for sixty days shock treatment and was required to participate in various counselling programs.

Defendant does not assert the evidence was insufficient to support the robbery or

armed criminal action verdicts nor does he contest the jury's convictions on these charges. However, the jury was not instructed on punishment, and the trial court determined these sentences. The trial court's authority to determine a criminal defendant's sentence is conferred by § 558.016, RSMo 1994, upon a finding that, *inter alia,* the defendant is a prior offender. The procedures and requirements for making a prior offender finding are contained in § 558.021, RSMo 1994. The requirements include "[t]he court mak[ing] findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, . . . ." § 558.021.1(3), RSMo 1994.

A search of the entire record provides no indication the trial court found or did not find Defendant to be a prior offender beyond a reasonable doubt. Under these circumstances, we deem it necessary to remand to the trial court to make a determination on the allegation of his prior offender status.

The State cites *State v. Cooper,* 744 S.W.2d 447 (Mo.App.1987), as authority that anomalies in § 558.021 sentencing procedures should not result in reversal or remand in the absence of the Defendant showing prejudice by the anomaly. *See also State v. Richardson,* 719 S.W.2d 884, 886 (Mo.App.1986); *State v. Williams,* 728 S.W.2d 690, 694 (Mo.App.1987). Defendant makes no assertion that he was prejudiced nor does he deny pleading guilty to the charged prior felony. Rather, Defendant cites *Scharnhorst v. State,* 775 S.W.2d 241, 244–46 (Mo.App.1989), and its progeny *Dudley v. State,* 903 S.W.2d 263, 266–67 (Mo.App. E.D.1995), to support his claim that a showing of prejudice is not necessary to receive a remedy of a remand. We find Defendant's reliance on *Scharnhorst* misplaced. *Scharnhorst* explicitly held that prejudice should be shown when the sentencing irregularity concerns only prior offender findings and not sentencing enhancement findings. *See id.* at n. 4. Nonetheless, we hold the court's failure to make any determination on the prior offender allegation deviates from the proper procedures to such a degree that the error is manifest. *See State v. Street,* 735 S.W.2d 371, 373 (Mo.App.1987).

The record provides no assurance that Defendant was afforded all of the procedural safeguards of § 558.021. Because no record of a determination on Defendant's prior offender status exists, we have no way to effectively review allegations relating to this determination.

The State argues Defendant waived the proof of facts as provided in § 558.021.4 when he testified to having pled guilty to unlawful use of a weapon and possession of cocaine. *See Meeks v. State,* 876 S.W.2d 755, 757 (Mo.App. E.D.1994); *Boxx v. State,* 857 S.W.2d 425, 429 (Mo.App. E.D.1993); *State v. Johnson,* 837 S.W.2d 39, 41 (Mo.App. W.D. 1992). Again, however, we are faced with the insufficiency in the record of whether any determination was made on his prior offender status. Moreover, the State's information charged Defendant only with a plea of guilty on an unlawful use of weapon felony, so the admission as to possession cannot support the State's charge. *See State v. Martin,* 882 S.W.2d 768, 772 (Mo.App. E.D.1994). Additionally, Defendant's admission of pleading guilty to an unlawful use of weapon charge does not necessarily conform with the State's charge. Defendant did not indicate if this prior offense was a felony,[1] (*see State v. Johnson,* 837 S.W.2d 39, 41 (Mo.App. W.D. 1992)) or if it occurred prior to the events constituting the elements of the crime in the instant case.

We, therefore, vacate Defendant's sentence and remand the cause for resentencing. *See Dudley v. State,* 903 S.W.2d 263, 267. On remand, the State is to be allowed an opportunity to present whatever evidence it has of Defendant's status as a prior offender. If the allegations are proven, the court may resentence. If not, the court must grant a new trial. *State v. Martin,* 882 S.W.2d 768, 772 (Mo.App.E.D.1994).

CRAHAN, P.J., and CRANDALL, J., concur.

---

1. Unlawful use of a weapon can be either a class D felony or a class B misdemeanor. § 571.030.4, RSMo 1994.