**STATE of Missouri, Respondent,**

v.

**Anthony COOPER, Appellant.**

**No. ED 75031.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 7, 2000.

Motions for Rehearing and/or Transfer to Supreme Court Denied April 19, 2000.

Mary S. Choi, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

WILLIAM H. CRANDALL, Jr., Presiding Judge.

Defendant, Anthony Cooper, appeals from the judgment and sentence after a jury found him guilty of murder in the first degree, assault in the first degree, two counts of robbery in the first degree, two counts of burglary in the first degree, two counts of forcible sodomy and four counts of armed criminal action. We affirm in part and vacate and remand in part.

Defendant, Ceddrick Franklin and James Howard were tried together for crimes committed in the City of St. Louis. For a recitation of the facts, *see State v. Franklin,* 16 S.W.3d 692, 694 (Mo.App. E.D.2000). The trial court sentenced defendant as a prior offender to consecutive terms of life without parole for the murder conviction, thirty years for the assault conviction, thirty years for each robbery conviction, fifteen years for each burglary conviction, a life sentence for each sodomy conviction, a life sentence for one of the armed criminal action convictions and seventy-five years for each of the three remaining armed criminal action convictions. This appeal followed.

The transcript of the trial was requested. The court reporter stated in an affidavit that her court reporter's bag containing the last three tapes of the trial was stolen. The stolen tapes provided the state's rebuttal evidence, prior offender hearings, instruction conference and closing argument. This court ordered the respective attorneys to prepare a stipulation for the missing portions of the transcript. The attorneys stipulated to certain facts but were unable to agree to certain other facts. This court granted the state's motion to remand to the trial court to resolve the disputed portions of the record. The trial court issued a certification of the trial record. Defendant filed a motion with this court objecting to the trial court's certification of the record and requesting the cause be remanded for a new trial. Defendant contended among other things that meaningful review of his claims was impossible and that the trial court's certification of the record was an inadequate remedy. Defendant also raised this issue in his brief.

An appealing party is entitled to a full and complete transcript for an appellate court's review. *State v. Middleton,* 995 S.W.2d 443, 446 (Mo. banc 1999); *State v. Anthony,* 837 S.W.2d 941, 945 (Mo.App. E.D.1992). However, a transcript that is inaccurate or incomplete does not automatically require reversal. *Id.* Defendant is entitled to a new trial only if he exercised due diligence to correct the deficiency in the record and was prejudiced by the incompleteness of the record. *Id.* Under the circumstances here, defendant exercised due diligence to correct the record. With the exception of the missing transcript for defendant's prior offender hearing that is discussed in our analysis for defendant's

fourth point, review of the record and defendant's arguments fails to reveal any prejudice resulting from the missing transcript. Defendant's request for a new trial is denied.

■■ We next address defendant's argument in his fourth point. Defendant contends that the trial court plainly erred when it found him to be a prior offender and thereby removed assessment of punishment from the jury. Defendant did not raise the issue in his motion for new trial and therefore review is for plain error. *State v. Vann,* 7 S.W.3d 407, 410 (Mo.App. W.D.1999). Although a criminal defendant does not have a constitutional right to have a jury assess punishment, the defendant's right to a jury's recommendation of sentence is granted by statute, and if the sentence recommended by a jury is within the range of punishment for that crime, it constitutes the maximum sentence a court can impose. Section 557.036.3 RSMo. Cum.Supp.1997; *State v. Hunter,* 840 S.W.2d 850, 863 (Mo. banc 1992)(holding that a defendant does not have a constitutional right for a jury to assess punishment).

In the information, the state charged defendant as a prior offender. The information provided that on November 1, 1993, defendant pleaded guilty to the felony of "Trafficking Second Degree (931–1869) in the. Circuit Court of the City of St. Louis, State of Missouri." As discussed, defendant's prior offender hearing was on one of the missing tapes. In the certification of the trial record, the court stated that prior to the jury's verdict a hearing was conducted as to defendant's prior offender status. The court further stated that based on evidence presented at the hearing it "entered its finding reflecting that [defendant] was a prior offender under the laws of the State of Missouri, in that he pleaded guilty, on November 1, 1993, to the felony of Trafficking Second Degree in the Circuit Court of the City of St. Louis as set forth in Cause Number 931–1869 and signed an order reflecting said finding."

A prior offender is a person who has pleaded guilty to or been found guilty of one felony. Section 558.016 RSMo.1994. Under section 558.021.1 RSMo. Cum.Supp. 1997, the court shall find a defendant to be a prior offender if: (1) the indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender; (2) evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender; and (3) the court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender.

■ Defendant argues that the "record does not reflect that he was properly proved up as a prior offender" under section 558.021. In the certification, the trial court did set forth the basis for finding defendant was a prior offender. However, absent a transcript, review of the trial court's finding is not possible. Furthermore, to use a prior conviction for purposes of a prior offender finding, the state must prove that defendant was represented by counsel or waived this right at the prior proceedings. *State v. Russ,* 945 S.W.2d 633, 634 (Mo.App.E.D.1997). "Among the facts the state must prove is that defendant was represented by counsel at the proceedings on the convictions or that defendant was advised of that right and voluntarily waived it." *Id.* Here, the trial court's certification failed to state whether defendant was represented by counsel or if he voluntarily waived this right when he entered his guilty plea. The state notes that defendant testified that on November 1, 1993, he pleaded guilty to "Trafficking Second Degree" and received a five year sentence. But defendant did not testify that when he pleaded guilty he was represented by counsel or waived his right to counsel.

Under the circumstances presented here, defendant's sentence must be vacat-

ed and the cause remanded for resentencing.[1] On remand, the state shall be permitted to present whatever evidence it has of defendant's status as a prior offender. *State v. Lowery,* 926 S.W.2d 712, 713 (Mo. App.E.D.1996). If the state presents sufficient evidence to prove beyond a reasonable doubt defendant's prior offender status, then the trial court may resentence defendant. *Id.* If not, the court must grant a new trial. *Id.*

No jurisprudential purpose would be served by addressing defendant's remaining points and these points are denied. Rule 30.25(b).

The judgment on defendant's convictions is affirmed, and defendant's sentence is vacated and the cause is remanded.

KENT E. KAROHL, J., and MARY K. HOFF, J., Concur.

1. In *Franklin,* this court also vacated the sentence and remanded. *Franklin,* at 698–99.