

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | WD79445 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | December 13, 2016 |
| KYLE W. NELSON, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Dekalb County, Missouri**
The Honorable Thomas N. Chapman, Judge

Before Division One:  Thomas H. Newton, Presiding Judge, Cynthia L. Martin, Judge
and Edward R. Ardini, Jr., Judge

Kyle Nelson ("Nelson") appeals his conviction of the misdemeanor of resisting a lawful stop and the portion of his sentence imposing a $100.00 fine.  Nelson argues that the trial court erred in allowing the State to file an amended information, in giving an instruction that varied the charged method of committing the offense, and in imposing a $100.00 fine.  Finding no error, we affirm.

## Factual and Procedural Background

The State charged Nelson by information with the class D felony of resisting a lawful stop.[1]  The information stated:

> The Prosecuting Attorney of the County of DeKalb, State of Missouri, charges that the defendant, in violation of Section 575.150, RSMo, committed the class D felony of resisting a lawful stop, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about January 16, 2015, in the county of DeKalb, State of Missouri, Deputy Kyle Schmitz, a law enforcement officer, was attempting to make a lawful stop of defendant, [and] the defendant knew that the officer was making a lawful stop, and, for the purpose of preventing the officer from effecting the stop, resisted [the] stop of defendant by fleeing from the officer and defendant fled in such a manner that created a substantial risk of serious physical injury or death to other persons in that defendant operated a motor vehicle in the dark without headlights on, and traveled southbound in the middle of Ivy Street while swerving into the northbound lan[e] close to another motorist.

The State moved to amend the information on December 16, 2015.  Relevant to this appeal, the State sought to lower the above charge to the lesser included offense of a class A misdemeanor of resisting a lawful stop.  The amended information stated:

> The Prosecuting Attorney of the County of DeKalb, State of Missouri, charges that the defendant, in violation of Section 575.150, RSMo, committed the class A misdemeanor of resisting a lawful stop, punishable upon conviction under Sections 558.011 and 560.016, RSMo, in that on or about January 16, 2015, in the county of DeKalb, State of Missouri, Deputy Kyle Schmitz, a law enforcement officer, was attempting to make a lawful stop of defendant, and the defendant knew that the officer was making a lawful stop, and, for the purpose of preventing the officer from effecting the stop, resisted the stop of defendant by fleeing from the officer.

The trial court continued its disposition of the State's motion to December 21, 2015 at defense counsel's request.  At a pretrial hearing on December 21, 2015, the morning of

---

[1]Nelson was also charged with five other felonies that are not relevant to this appeal.

2

trial, defense counsel asserted a general objection to the State's motion to amend its information: "We don't have anything that we really looked at. I think for the record for the defendant I would just object generally to that, Judge." The trial court sustained the State's motion to file an amended information, and trial to the jury commenced.

Nelson filed a motion for judgment of acquittal at the close of the State's evidence and at the close of all of the evidence. In both motions, Nelson's only reference to the State's amended information asserted that "[t]he information does not state facts sufficient to constitute an offense against the State of Missouri." The trial court overruled Nelson's motions.

At the instruction conference, the State tendered Instruction No. 12, a verdict directing instruction for the misdemeanor charge of resisting a lawful stop charge, as follows:

> As to Count 4, if you find and believe from the evidence beyond a reasonable doubt:
>
> > First, that on or about January 16, 2015, in the County of DeKalb, State of Missouri, Kyle Schmitz was a law enforcement officer, and
> >
> > Second, that Kyle Schmitz was attempting to stop a vehicle being operated by defendant, and
> >
> > Third, that defendant knew that a law enforcement officer was attempting to stop defendant, and
> >
> > Fourth, that the basis for the stop was for the offense of operating a motor vehicle without a valid license, and
> >
> > Fifth, that defendant knew that basis for the stop, and

3

Sixth, that for the purpose of preventing the law enforcement officer from making the stop, the defendant resisted by fleeing from the officer,

then you will find the defendant guilty under Count 4 of resisting a lawful stop.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

Nelson objected to paragraph Fourth of this instruction. Nelson argued that the basis for the stop was not pled in the amended information, and that inclusion of a finding in this regard in the verdict director raised concerns of double jeopardy and a lack of proper notice. The State pointed out that the instruction conformed with the Missouri Approved Instruction for the charged offense. The trial court overruled Nelson's objection and Instruction No. 12 was submitted to the jury.

The jury returned a guilty verdict on the resisting a lawful stop charge. During the penalty phase of the trial, the jury completed Verdict M which asked the jury to select one of three sentencing options. First, the jury could select imprisonment in the county jail for a term not to exceed one year. This option had a blank space for a recommended duration, where the jury inserted their recommendation of 180 days. Second, the jury could select imprisonment for a term not to exceed one year and a fine, the amount to be determined by the trial court. A blank space was also available to fill in the recommended term of imprisonment, but the blank was not filled in by the jury. No blank was provided for a recommended fine. Third, the jury could select no imprisonment but a fine, in an amount

4

to be determined by the trial court. At the top of Verdict M, in the space provided, the jury wrote in their recommended sentence of "180 days imprisonment."

After the jury conviction, Nelson filed a motion for judgment of acquittal, in which he asserted, for the first time, specific objections to the State's amended information. Nelson contended that the original information alleged a basis for the stop, and that the amended information did not allege a basis for the stop. Nelson argued that the amended information did not adequately inform him of the charges, leaving him unable to protect himself against double jeopardy or to prepare a defense. Further, Nelson noted his objection to Instruction No. 12 and restated his contention that it contained a basis for the stop that was not set out in the amended information.

The trial court overruled Nelson's post-trial motion for judgment of acquittal and sentenced Nelson to six months imprisonment in the county jail for the resisting a lawful stop offense.[2] The trial court also imposed a fine of $100.00. Nelson did not object to the sentence or fine.

This timely appeal followed.

### Analysis

Nelson raises three points on appeal. First, he argues that it was error to allow the State to amend the information because it charged a different offense and prejudiced Nelson. Second, he asserts error in giving Instruction No. 12 because it misled the jury and deprived him of a fair trial. Third, Nelson claims that the trial court did not have

---

[2]Nelson was convicted and sentenced to two years imprisonment on another charge not relevant to this appeal. Nelson has not contested that the trial court imposed a sentence of six months imprisonment in the county jail instead of 180 days as recommended by the jury. We express no opinion about this discrepancy.

5

authority to impose a fine in addition to the jury-recommended sentence of 180 days imprisonment.

## Point One

In his first point on appeal, Nelson argues that allowing the State to amend its information was error because the amendment charged a different offense and prejudiced his substantial rights.

Typically, we review the decision to allow leave to file an amended charging document for abuse of discretion. *State v. Canaday*, 476 S.W.3d 346, 349 (Mo. App. W.D. 2015). However, in order to preserve a claim of error, an objection must be made "with sufficient specificity to apprise the trial court of the grounds for the objection." *State v. Amick*, 462 S.W.3d 413, 415 (Mo. banc 2015) (quoting *State v. Stepter*, 794 S.W.2d 649, 655 (Mo. banc 1990). The objection must also be made contemporaneous with the purported error. *State v. Driskill*, 459 S.W.3d 412, 426 (Mo. banc 2015). Nelson's only contemporaneous objection to the State's motion for leave to amend the information did not state the grounds for the objection with sufficient specificity. Rather, defense counsel "object[ed] generally." It was not until Nelson's post-trial motion for judgment of acquittal that he asserted the specific objections raised on appeal, but this was not contemporaneous with the State's motion for leave to amend.

"When a defendant fails to make an objection contemporaneous with the purported error, on appellate review, the issue is evaluated for plain error, which requires a showing that the error resulted in manifest injustice or a miscarriage of justice." *State v. Shockley*, 410 S.W.3d 179, 189 n.4 (Mo. banc 2013). Plain error review requires a two-step analysis.

6

*State v. Hunt*, 451 S.W.3d 251, 260 (Mo. banc 2014). "First, the Court must determine whether the claimed error is, in fact, 'plain error[] affecting substantial rights.'" *Id.* (quoting Rule 30.20).[3] An error is considered plain if it is evident, obvious, and clear. *Id.* If plain error is found, then the court examines "whether the error actually did result in manifest injustice or a miscarriage of justice." *Id.* Nelson has not demonstrated error, plain or otherwise, in permitting the State to amend its information.

An information may be amended "at any time before verdict or finding if: (a) No additional or different offense is charged, and (b) A defendant's substantial rights are not thereby prejudiced." Rule 23.08. This rule is written "in the *conjunctive* thereby requiring that an information may only be amended if it charges no additional or different offense *and* is not prejudicial to the defendant's substantial rights." *State v. Greathouse*, 789 S.W.2d 50, 52 (Mo. App. W.D. 1990).[4]

Nelson claims that the amended information put forth a different offense because it changed the original charge from a class D felony to a class A misdemeanor. However,

---

[3]All references to Rules are to *Missouri Court Rules, Volume I -- State, 2016* unless otherwise indicated.

[4]There is an emerging line of our cases that appear to misstate the effect of the State's conjunctive obligation under Rule 23.08. *See, e.g.*, *State v. M.L.S.*, 275 S.W.3d 293, 302 (Mo. App. W.D. 2008) (holding that "[a] violation of Rule 23.08 occurs when the State incorporates additional or different offenses to the information that causes the defendant to be prejudiced."); *State v. Fitzpatrick*, 193 S.W.3d 280, 286 (Mo. App. W.D. 2006) ("Rule 23.08 commands both an additional or different offense and prejudice in order for a trial court to deny the prosecutor's amended information."). These cases seem to require a defendant to disprove both of the conjunctive components of Rule 23.08, when in fact, the absence of either negates the State's right to file an amended information. The Missouri Supreme Court observed in *State v. Thompson* that Rule 23.08 (then Rule 24.02) "fixes two *conjunctive* requirements, namely, that no additional or different offense be charged *and* that substantial rights not be prejudiced." 392 S.W.2d 617, 620 (Mo. 1965). To take advantage of Rule 23.08, the State must demonstrate both of the Rule's conjunctive requirements. It follows that Rule 23.08 is violated if either of the Rule's conjunctive obligations is not satisfied. We do not challenge the holdings in *M.L.S.* and *Fitzpatrick*, as both reached appropriate results, notwithstanding an apparent misapplication of Rule 23.08.

this modification does not constitute a new or different offense because the misdemeanor charge was a lesser included offense of the felony charge.

The rule against amending an information to charge a different offense "does not apply if the subsequent charge is a lesser included offense of the initial charge because, in the contemplation of law, they are the same." *State v. Messa*, 914 S.W.2d 53, 54 (Mo. App. W.D. 1996) (quoting *State v. Pikey*, 857 S.W.2d 519, 519-20 (Mo. App. E.D. 1993)). In other words, "an information may be amended to reduce a charge because the amendment is conceptually within the scope of the original complaint and preliminary processes." *McKown v. State*, 682 S.W.2d 38, 40 (Mo. App. W.D. 1984). "An offense is a lesser included offense if it is impossible to commit the greater without necessarily committing the lesser." *State v. Hardin*, 429 S.W.3d 417, 422 (Mo. banc 2014) (quoting *State v. Derenzy*, 89 S.W.3d 472, 474 (Mo. banc 2002)).

Under section 575.150, the penalty for resisting or interfering with an arrest or stop can be classified as either a D felony or an A misdemeanor. The statute provides the instances when the offense should be classified as a D felony, one of which is when the perpetrator flees an arrest or stop "in such a manner that the person fleeing creates a substantial risk of serious physical injury or death to any person." Section 575.150.5. Otherwise, the offense is a class A misdemeanor. *Id.* Thus, to commit the class D felony based on creating a substantial risk of serious physical injury or death, one must first commit the lessor included offense of the class A misdemeanor, with evidence of the additional essential element of fleeing an arrest or stop "in such a manner that the person

8

fleeing creates a substantial risk of serious physical injury or death to any person." *Id.* The amended information did not charge Nelson with an additional or different offense.

Additionally, Nelson's substantial rights were not prejudiced by the amendment. Nelson argues that the amended information prejudiced his substantial rights because his evidence and defenses would no longer be applicable or available. The State responds that Nelson's planned defenses only pertained to the factual question of whether Nelson created a substantial risk of serious injury or death, an additional element of the felony offense no longer applicable to the misdemeanor charged in the amended information. We agree with the State.

"The substantial rights an information is designed to further are: (1) to inform the defendant of the charges against him so that he may adequately prepare a defense, and (2) to protect the defendant against double jeopardy." *State v. Simpson*, 846 S.W.2d 724, 728 (Mo. banc 1993). "The test for 'prejudice' under Rule 23.08 is (1) whether a defense to the charge as originally made would be equally available after the amendment, and (2) whether the defendant's evidence would be equally applicable after, as well as before, the amendment." *Messa*, 914 S.W.2d at 54-55.

Nelson argues that he was denied the benefit of defenses by the amended information. Nelson argues he had three planned defenses: (1) that there was no substantial risk of serious physical injury or death; (2) that he did not operate a motor vehicle in the dark without headlights on; and (3) that he did not travel southbound while swerving into the northbound lane close to another motorist. Nelson maintains that the amended information changed the factual basis of the charge, which rendered these "defenses"

9

inapplicable. Even assuming, *arguendo*, that Nelson's assertions qualify as "defenses,"[5] they are not "defenses" that would have protected him against a conviction on the amended charge, the class A misdemeanor for resisting a lawful stop, as the assertions would not have operated to negate any element of the lesser included offense.

Nelson has not shown prejudice to his rights, or that an additional or different offense was charged by the amended information. We see no error, plain or otherwise, in the trial court's decision to allow the State to amend its charging information.

Point One is denied.

## Point Two

Nelson's second point on appeal claims that the trial court erred in giving Instruction No. 12 because it did not contain the same method of the crime as stated in the amended information, which misled the jury and deprived Nelson of a fair trial. Nelson bases this complaint on the fact that paragraph Fourth of the instruction stated a basis for the stop that was not specified in the amended information. According to Nelson, this discrepancy modified the charged method of committing the offense of resisting a lawful stop, rendering him unable to adequately prepare a defense or to protect himself from double jeopardy.

---

[5]Nelson's assertions appear not to be defenses, but instead mere evidence that could have been admitted to contest the factual basis for an essential element of the felony charged in the original information. That this evidence would no longer have been helpful to Nelson following the amended information is not indicative of prejudice. A defendant is not prejudiced where evidence that might have challenged the State's ability to prove an essential element of a greater offense is no longer material because the lesser included offense charged in an amended information excludes the essential element.

10

Appellate review of preserved error in instructing a jury will result in the reversal of a trial court's instructional decision "only if the instructional error misled the jury and, thereby, prejudiced the defendant." *State v. Zetina-Torres*, 482 S.W.3d 801, 810 (Mo. banc 2016). Reversal is not warranted unless an error is "so prejudicial that it deprived the defendant of a fair trial." *Id.* (quoting *State v. Nash*, 339 S.W.3d 500, 511-12 (Mo. banc 2011)). "Prejudice occurs when an erroneous instruction may have influenced the jury adversely. However, there is no prejudice if an instruction is an accurate statement of law and supported by the evidence." *Id.* (citation omitted).

Nelson does not complain that paragraph Fourth of Instruction No. 12 was not supported by substantial evidence. *See State v. Avery*, 275 S.W.3d 231, 233 (Mo. banc 2009). Nelson does not argue that the amended information failed to comply with the Missouri Approved Charge ("MACH-CR") for resisting a lawful stop, or with Rule 23.01 addressing the sufficiency of a criminal information. And Nelson does not contest that Instruction No. 12, in the form tendered by the State and submitted to the jury, conformed to the required Missouri Approved Instruction ("MAI-CR"). *See* Rule 28.02(c). Though Nelson's point relied on alleges that Instruction No. 12 misled or adversely influenced the jury by including the basis for the stop, the argument portion of his Brief fails to develop this bare assertion, preserving nothing for our review. *See State v. Nunley*, 341 S.W.3d 611, 623 (Mo. banc 2011) (stating that arguments raised in a point relied on but not supported in the argument section of a brief "preserve nothing for appellate review").

We are left only with Nelson's contention that by requiring the jury to find, as alleged in paragraph Fourth, that the basis for Nelson's stop was the operation of a motor

11

vehicle without a valid license, the State instructed the jury on a different method of committing the offense than that alleged in the amended information. We disagree.

A charge for resisting a lawful stop under section 575.150.1(1) has three elements: (1) defendant knew or reasonably should have known that a law enforcement officer was making a lawful stop; (2) defendant resisted that stop by fleeing from the officer, or by threatening to use violence or physical force; and (3) defendant did so for the purpose of preventing the officer from completing the stop. Section 575.150.1(1); *see State v. Jones*, 479 S.W.3d 100, 109 (Mo. banc 2016). The specific reason for the stop is neither an element of the offense, nor a method of committing this offense. The method of committing the offense is by fleeing, or by threatening to use violence or physical force. Both the amended information and Instruction No. 12 allege that Nelson committed the offense by fleeing. Instruction No. 12 thus did not contain a method of committing the offense that differed from the amended information.

It is true that the amended information did not allege that Nelson was stopped for operating a vehicle without a license. However, MACH-CR 29.61 and Rule 23.01 only required the amended information to assert that the stop was lawful. Although MAI-CR 3d 329.61 requires that the basis for a stop be included in the verdict director, that does convert the basis for the stop into an element of the offense, or into a method of committing the offense. *See State v. Carson*, 941 S.W.2d 518, 520 (Mo. banc 1997) ("Procedural rules adopted by MAI cannot change the substantive law and must therefore be interpreted in light of existing statutory and case law."). Rather, the basis for the stop is included in the required verdict director because "the court determines the question of law as to whether

12

the facts being submitted in paragraph Fourth constitute a lawful basis for the stop or detention. The question of whether those facts exist is for the jury." MAI-CR 3d 329.61, Notes on Use ¶ 2.

More to the point, the mere presence of a variance between the information and a jury instruction "is not conclusive to the question of whether there is reversible error." *State v. Lee*, 841 S.W.2d 648, 650 (Mo. banc 1992). Instructions which are at variance with the charge are improper only if the defendant is prejudiced. *State v. Glass*, 136 S.W.3d 496, 520 (Mo. banc 2004). "A variance must be material, and defendant must be prejudiced, to warrant reversal." *Id.* "Variances are material when they affect whether the accused received adequate notice; variances are prejudicial when they affect the defendant's ability to defend against the charges." *Id.* (quoting *State v. Whitfield*, 939 S.W.2d 361, 366 (Mo. banc 1997)).

The variance in this case was neither material nor prejudicial to Nelson's defense. Nelson was aware from the amended information that the State was required to prove that the stop was lawful. Nelson has not explained how the information's failure to identify the reason for his stop, when not an element of the offense, was material. Nor has he explained how the information's failure to identify the reason for his stop prejudicially impacted his ability to defend whether the stop was lawful.

As for Nelson's double jeopardy concerns, it is true that an information or indictment must "state[] the essential elements of the offense charged so that . . . the final disposition of the charge will constitute a bar to further prosecution for the same offense." *State v. Miller*, 372 S.W.3d 455, 467 (Mo. banc 2012) (quoting *State v. Mitchell*, 611 S.W.2d 223,

13

225 (Mo. banc 1981)). But Nelson only points to the amended information's failure to advise him of the basis for the stop to claim an inability to protect against double jeopardy. We have already explained that the basis for Nelson's stop was not an essential element of the crime of resisting a lawful stop.

Point Two is denied.

## Point Three

In his third point on appeal, Nelson argues that the trial court erred in imposing a fine in addition to the jury's recommended sentence because the jury assessed and declared a punishment of 180 days without recommending a fine.[6] Because Nelson did not object at the time sentence was imposed, we review this point for plain error. *Shockley*, 410 S.W.3d at 189 n.4.

In support of his argument, Nelson relies on *State v. Emery*, 95 S.W.3d 98, 102 (Mo. banc 2003), for the proposition that a trial court is not authorized to increase the punishment beyond that assessed and declared by the jury. *Emery* states that "part of the function of the jury is to set the ceiling on the sentence a defendant will receive," and a trial court "cannot exceed the punishment recommended by the jury." *Id.* This is pertinent to our review because "[b]eing sentenced to a punishment greater than the maximum sentence for an offense constitutes plain error resulting in manifest injustice." *State v. Severe*, 307 S.W.3d 640, 642 (Mo. banc 2010). Squarely framed by Nelson's point on appeal, therefore,

---

[6]In the argument section of its brief, the State argues that this point should be denied, but in the conclusion section of its brief the State asks that the case be remanded "for the limited purpose of correcting the sentence to reflect the jury's recommendation." [Respondent's Brief, p. 24] Because the trial court did not err in imposing a fine in addition to the jury's recommendation, we do not remand this case for resentencing.

14

is whether a trial court's imposition of a fine where no fine is recommended by a jury constitutes the imposition of punishment greater than that permitted by law.

The *Emery* decision cites *State v. Cooper*, 16 S.W.3d 680, 682 (Mo. App. E.D. 2000), for the general proposition relied on by Nelson. *Cooper* in turn cites section 557.036.3, as supplemented in 1997, to state "if the sentence recommended by a jury is within the range of punishment for that crime, it constitutes the maximum sentence a court can impose." *Cooper*, 16 S.W.3d at 682. The *Emery* decision also cites this version of section 557.036.3 in a footnote, stating that "[a] judge is not permitted to impose a sentence that exceeds the jury's recommendation." *Emery*, 95 S.W.3d at 100 n.3. Though these general holdings are of apparent benefit to Nelson, it is noteworthy that neither *Emery* nor *Cooper* address the scenario we face in this case--the imposition of a fine where none was recommended. We are required, therefore, to more carefully examine section 557.036 to determine the intended parameters of its reach.

Section 557.036.1 affords trial courts the broad authority to "decide the extent or duration of sentence or other disposition to be imposed under all circumstances." Section 557.036.5 (which is identical to section 557.036.3 addressed in *Emery* and *Cooper*), provides:

> If the jury returns a verdict of guilty in the first stage and declares a term of imprisonment in the second stage, the court shall proceed as provided in subsection 1 of this section ***except that any term of imprisonment imposed cannot exceed the term declared by the jury*** unless the term declared by the jury is less than the authorized lowest term for the offense, in which event the court cannot impose a term of imprisonment greater than the lowest term provided for the offense.

(emphasis added).

15

Section 557.036.5 thus limits this otherwise broad authority afforded a trial court by section 557.036.1 by prohibiting a trial court from imposing a ***term of imprisonment*** that "exceed[s] the term declared by the jury." Section 557.036.5. The trial court's remaining authority pursuant to section 557.036.1 to "decide the extent or duration of sentence ***or other disposition***" is unimpaired by section 557.036.5. Thus, by the plain language of section 557.036, the limitation on a trial court's authority to set the duration of a term of imprisonment does not extend to all "other disposition[s]" that the trial court can impose.

Our Supreme Court addressed an argument similar to that advanced by Nelson in *State v. Van Horn*, 625 S.W.2d 874, 877 (Mo. 1981) when it held that "the court may, in its discretion, impose a fine in lieu of, or in some cases in addition to, the imprisonment determined by the jury." In *Van Horn*, a defendant argued that jury instructions did not satisfy the requirement in section 557.036[7] that the court instruct the jury as to the range of punishment authorized by statute because the jury was not instructed that a fine could be imposed. *Van Horn* examined section 557.036 and section 560.011, which authorizes a court to impose fines in felony cases. The Court noted that the provisions in section 557.036 "were enacted at the same time as the provisions in other sections which place in the court, and not the jury, the option . . . to sentence the defendant to pay a fine." *Id.* at 877. Therefore, *Van Horn* held:

> It is obvious that the Legislature intended that the jury should have the option
> to declare as punishment a term of imprisonment within the stated limits, but
> it is equally obvious that the Legislature intended that the court should have
> the option to substitute therefor, within the stated limits, a term of

---

[7]In *State v. Van Horn*, the Missouri Supreme Court analyzed a previous version of section 557.036, but the relevant language is identical to the language in the current version. 625 S.W.2d 874, 876-77 (Mo. 1981).

16

imprisonment different from that addressed and declared by the jury, and that the court, in its discretion and under statutory guidelines, should have the option to impose a fine in addition to or in lieu of a term of imprisonment within the specified limitations.

*Id. Van Horn* found the jury instructions were not erroneous because only the court, not the jury, has the authority to impose a fine. *See also State v. Shepherd*, 633 S.W.2d 206, 208 (Mo. App. W.D. 1982) (holding that "it is not required that the jury be instructed that it could recommend a fine, as only the trial court, and not the jury, is empowered by statute to assess a fine in lieu of, or in addition to, a term of imprisonment"); *State v. Rogers*, 651 S.W.2d 591, 593 (Mo. App. E.D. 1983) ("The trial judge has control over the imposition of a fine, with the role of the jury being only advisory.").

The discussion in *Van Horn* is applicable here because section 560.016 analogously authorizes a trial court to impose a fine in a misdemeanor case.[8] Like section 560.011, section 560.016 was enacted at the same time as section 557.036, and section 560.016 reflects the same legislative intent to grant courts the option of imposing a fine in addition to or in lieu of a term of imprisonment in misdemeanor cases.

Therefore, consistent with the plain language of section 557.036, and the holding in *Van Horn*, we find that the trial court did not commit error, plain or otherwise, in imposing a fine in addition to the jury's recommended sentence of imprisonment in the county jail.

Point Three is denied.

---

[8]As further evidence that *Van Horn*'s analysis of section 560.011 should be applied to section 560.016, we note that 2014 Senate Bill 491 combines sections 560.011 and 560.016 into one section, 558.002, effective January 1, 2017.

17

## Conclusion

The trial court judgment is affirmed.

_____
Cynthia L. Martin, Judge

All concur