STATE of Missouri, Respondent,

v.

James B. FULLER, Appellant.

No. 28853.

Missouri Court of Appeals, Southern District.

Sept. 10, 2008.

Petition for Rehearing or Reconsideration and Transfer Denied Oct. 9, 2008.

Application for Transfer Denied Nov. 25, 2008.

---

Kent Denzel, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Robert J. (Jeff) Bartholomew, Office of the Attorny General, Jefferson City, MO, for respondent.

DANIEL E. SCOTT, Presiding Judge.

Defendant was convicted, in a bench trial, of second-degree assault of a law enforcement officer.[1] We will relate only those facts necessary to consider the claims on appeal.

---

1. *See* § 565.082.1(3). Statutory citations are to RSMo (2000 & 2005 Supp.).

766

## Point I

■ The first issue is whether the evidence sufficiently proved that the victim's injuries involved "serious disfigurement."[2] Accepting as true all evidence and inferences favorable to the State, and disregarding all contrary evidence and inferences (*State v. Davis*, 217 S.W.3d 358, 360 (Mo.App.2007)), Defendant punched Deputy Dove's face, smashing his eyeglasses, knocking him nearly unconscious, lacerating the bridge of his nose, cutting him below the right eye, and gashing his forehead four to five inches. The last of these injuries required 12 stitches, and its scar was visible at the time of trial.

■ Disfigurement means to deface or mar the appearance or beauty of someone. *State v. Immekus*, 28 S.W.3d 421, 427 (Mo.App.2000)(citing *State v. Bledsoe*, 920 S.W.2d 538, 540 (Mo.App.1996)). Disfigurement need not be permanent to qualify as "serious physical injury." *Id.*; *see also State v. Roper*, 136 S.W.3d 891, 897–98 (Mo.App.2004). Defendant has not convinced us that these and other cases, involving similar or lesser injuries than here, are distinguishable. *See Roper*, 136 S.W.3d at 898 (facial cuts and bruises, split lip requiring stitches, large amounts of hair pulled or cut off head); *State v. Raines*, 118 S.W.3d 205, 210–11 (Mo.App.2003)(victim "smeared with mud and grass and had extensive swelling, bruising, and scratching around the head"); *Immekus*, 28 S.W.3d at 427 (defendant used razorblade to cut victim's long hair to a length of 1.5 inches and shave her eyebrows); *Bledsoe*, 920 S.W.2d at 540 (scar from 1.5–inch cut on chin);

*State v. Williams*, 784 S.W.2d 309, 311 (Mo.App.1990)(three-inch neck scar from wound described in hospital record as "superficial"); *State v. Pettis*, 748 S.W.2d 793, 794 (Mo.App.1988)(four-inch arm scar).

■ The parties take turns parsing the transcript to debate the scarring's severity. The degree of disfigurement, and whether it constituted "serious disfigurement," were fact questions (*see State v. Westfall*, 75 S.W.3d 278, 283 (Mo. banc 2002)) for the trial judge in this non-jury case. Unlike this court, he had the chance at trial to observe the scar.[3] We do not reweigh the evidence, but determine only if the conviction is supported by sufficient evidence. *State v. Mann*, 129 S.W.3d 462, 467 (Mo.App.2004). The cases cited above so indicate. Point I fails.

## Point II

■ Defendant also charges the trial court with error in admitting Officer Dove's testimony about his shoulder injury, claiming there was no evidence that Defendant or the incident caused such injury. Yet even if such testimony were inadmissible—an issue we do not reach—Defendant "has failed to explain how reversible error could have occurred given this was a court-tried case. In a case where a jury has been waived, we presume the trial judge's judgment was not influenced or prejudiced by inadmissible evidence, unless the record clearly indicates otherwise." *Seibert v. State*, 184 S.W.3d 624, 628 (Mo.App.2006). We review the admission of evidence for prejudice, not mere error, and reverse only for error so prejudicial that it deprived the defendant of a fair trial. *Id.*; *State v. Hayes*, 113

---

**2.** The State had to show a "serious physical injury," which can be proven several ways. *See* §§ 565.002(6), 556.061(28). The parties' appellate briefs effectively narrowed the issue to whether the evidence proved one of these ways; *i.e.*, physical injury "that causes serious disfigurement."

**3.** This court has been provided only earlier photos in which the deputy's forehead gash, in particular, is very obvious and quite ugly.

S.W.3d 222, 226 (Mo.App.2003). We cited these principles in *State v. Ernst,* 164 S.W.3d 70, 74–75 (Mo.App.2005), then proceeded to apply them to circumstances like this case:

> Absent some showing that the evidence inflamed the fact-finder or diverted its attention from the issues to be resolved, the receipt of evidence even though irrelevant and immaterial, cannot constitute prejudicial or reversible error. The test is whether the prejudicial improper admission was outcome-determinative.
>
> In pronouncing its judgment, the trial court set out in an almost perfunctory manner that:
>
>> The Court, after hearing the evidence, hearing the testimony of all the witnesses and examining the suggestions filed by counsel and what the Court believes the applicable law, does make a finding that the Court believes that the—or the Court finds the Defendant guilty of the charge, finding that evidence beyond a reasonable doubt.
>
> Here, no clear and obvious statement of reliance on D.A.'s testimony was made by the trial court in reaching its decision. Nothing in the record shows the trial [court] considered and *relied* upon inadmissible "habit" evidence in making its determination of guilt beyond a reasonable doubt.
>
> In short, Appellant has not shown that the inadmissible evidence played a critical role in the trial court's decision.

*Id.* at 75 (internal case citations and quotations omitted). Defendant's attempts to distinguish *Ernst* specifically, and the foregoing principles in general, are not persuasive. The trial court's finding here was as perfunctory as in *Ernst,*[4] with "no clear and obvious statement of reliance" on the testimony complained of, and nothing in

the record to show the trial judge based his finding of guilt on inadmissible evidence. "In short," and as in *Ernst,* Defendant has not shown that the challenged evidence "played a critical role in the trial court's decision." *Id.* at 75. We deny Point II and affirm the judgment.

 One more matter requires attention. The judgment erroneously indicates Defendant pleaded guilty, when he plainly did not do so, but was tried and found guilty. The trial court's failure to accurately memorialize its judgment was a clerical error that Rule 29.12 authorizes it to correct. *See State v. Booyer,* 87 S.W.3d 926, 931 (Mo.App.2002). Accordingly, while we affirm the conviction, we must remand the case to the trial court with instructions to enter a corrected judgment accurately reflecting the nature of the proceedings below.

BARNEY, and BATES, JJ., Concur.

---

4. The court's docket entry read, in pertinent part: "The court after reviewing the evidence does find [Defendant] guilty beyond a reason-able doubt of the Class B felony of assault of a law enforcement officer."