

# Missouri Court of Appeals

## Southern District

### Division One

|  |  |  |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD32808 |
| | ) | |
| DAVY L. MONTGOMERY, III, | ) | FILED: September 24, 2014 |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Judge

**<u>AFFIRMED</u>**

Davy Montgomery, convicted of first-degree assault and armed criminal action, does not challenge the sufficiency of proof that he beat, kicked, and stomped the victim for more than 20 minutes, *then* tried to sever the victim's finger, tried to cut the victim's neck with a concrete smoother, beat the victim's head with a hammer claw, smashed the victim's knee and foot with that hammer, attempted to snap the victim's leg out of place and break it, and tried to force a wooden flagpole up the

victim's anus.[1]

Police arriving at Montgomery's trailer saw blood all over the furnishings, carpet, and linoleum. Barefoot, bare-chested, with "blood all over him," Montgomery quickly claimed "the Fifth." A detective asked him if he needed medical attention, paramedics having arrived. Montgomery said no, he did not need medical attention, but he had another person's blood on him and he was afraid that blood might get into a cut and give him a disease.

Montgomery claims that admitting the latter statement at trial violated his privilege against self-incrimination "in that after [he] had invoked his rights and requested counsel, Detective Steaeger deliberately asked [him] questions that were likely to elicit an incriminating response" contrary to **Rhode Island v. Innis**, 446 U.S. 291 (1980).

"Miranda does not indicate that every question, without exception, asked a criminal suspect by police, after the suspect has directed attention to his desire to remain silent, constitutes forbidden interrogation." **State v. Jordan**, 506 S.W.2d 74, 83 (Mo.App. 1974). *See also* **State v. Ream**, 223 S.W.3d 874, 875-78 (Mo.App. 2007); **State v. Baker**, 850 S.W.2d 944, 950 (Mo.App. 1993). The trial court apparently did not see the asking of a blood-covered person "[i]f he needed medical attention" as deliberate interrogation likely to elicit an incriminating response. Nor, on this record, do we.

---

[1] To quote part of the experienced trial judge's observations at sentencing:

> You look at the pure brutality of what happened, it's just amazing. You know, I do a lot of these cases, and I don't know that I've seen one any worse than this.

2

Moreover and just as important, this brief statement – five transcript lines (1/5 of one page) out of some 350 pages of testimony by 13 witnesses over two days – "was 'neither crucial to nor did it bear heavily upon the determination of [Montgomery's] guilt.'" *Ream*, 223 S.W.3d at 878 (quoting *Jordan*, 506 S.W.2d at 83). Indeed,

> if such testimony were inadmissible—an issue we do not reach— Defendant "has failed to explain how reversible error could have occurred given this was a court-tried case. In a case where a jury has been waived, we presume the trial judge's judgment was not influenced or prejudiced by inadmissible evidence, unless the record clearly indicates otherwise."

*State v. Fuller*, 267 S.W.3d 764, 766 (Mo.App. 2008) (quoting *Seibert v. State*, 184 S.W.3d 624, 628 (Mo.App.2006)).

Montgomery fails to demonstrate error or prejudice. We deny his sole point and affirm the convictions.


DANIEL E. SCOTT, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

WILLIAM W. FRANCIS, P.J./C.J. – CONCURS