

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,                )
                                  )
                  Respondent,     )
                                  )      No. SD 37382
        v.                        )
                                  )      **Filed:  September 8, 2023**
LORANDIS M. PHILLIPS,             )
                                  )
                  Appellant.      )

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable David A. Dolan, Judge

## **AFFIRMED**

Lorandis Phillips ("Appellant") was found guilty of the class A felony of robbery in the first degree[1] and the class D felony of assault in the second degree.[2]  He raises seven points on appeal:  three related to his lack of counsel at an appearance prior to the preliminary hearing, two related to the amendment of the felony information, one claiming insufficiency of the evidence on the robbery charge, and one claiming a deficiency in the second-degree assault charge.  We affirm.

---

[1] Section 570.023.  All statutory references are to RSMo (2016).
[2] Section 565.052.

# Background[3]

On December 14, 2018, four men were smoking marijuana and listening to music in a shed behind Appellant's house. One of them, whom we will refer to as "Victim," had his back to the door. Appellant texted, "You ready[,]" and one of the men in the shed replied, "Yeah. Come." Appellant then entered the door, came up behind Victim, and struck him in the head, causing him to fall to the floor and briefly lose consciousness. More than two persons kicked and struck Victim while he was on the floor, then rummaged through his pockets and stole his phone, wallet, and car keys. Victim eventually ran to a nearby store, where employees contacted the police.

During a consensual search of the property where Appellant lived, police found blood and a marijuana cigarette on the shed floor. While police were searching the shed, Appellant texted, "Is he out there[,]" to which one of the men who had been present in the shed replied, "Nope." Police also found Victim's cell phone on Appellant's bed and the SIM card for Appellant's phone on a pedestal at the top of the stairs leading to Appellant's bedroom.

Appellant told police he had been away from home and had arrived "after everything had happened." He gave the police the names of alibi witnesses who would corroborate he was at band practice and not at home at the time of the robbery. One of those witnesses said she knew nothing and did not want to get involved, a second witnesses said he never saw Appellant that evening, and a third said he had seen Appellant at band practice but Appellant had left "real early."

---

[3] Because one of Appellant's challenges is to the sufficiency of the evidence, we relate the facts in the light most favorable to the judgment. ***State v. Sinks***, 652 S.W.3d 322, 336 (Mo.App. 2022).

After the robbery, Appellant texted one of the men who had been present in the shed, "Hey, so what you going to say?" The other man texted, "I'm going to say some dude just came in and hit us[,]" to which Appellant replied, "Don't say that." Two of the men who were in the shed at the time of the robbery initially told police that some person had entered the shed and assaulted Victim. They later told police Appellant had been the assailant.

On December 19, 2018, a warrant was issued for Appellant's arrest and the amount of bond was set. The next day, the warrant was served and the state filed a felony complaint against Appellant. On December 21, Appellant posted bond. A docket entry indicates "Arraignment Scheduled" for January 9, 2019. On that date, the court's docket entries reflect Appellant appeared in person without counsel, waived formal arraignment, and entered a plea of "Not Guilty." We will refer to the proceeding that occurred on that date as the "Hearing."

Counsel entered an appearance on behalf of Appellant on January 28, 2019, and appeared with him at the next court appearance on February 19, 2019. A felony information was filed on March 11, 2019, charging Appellant with second-degree robbery in violation of § 569.030,[4] second-degree assault, and felony stealing. At a brief hearing on April 11, 2019, Appellant appeared with counsel "for arraignment[,]" and counsel "waive[d] formal arraignment and enter[ed] a plea of not guilty."

The state filed an Amended Information ten days prior to trial. The original information had alleged forcible stealing causing serious physical injury, which, if proven, would satisfy the necessary elements for a charge of first-degree or second-degree

---

[4] Prior to the date of the alleged robbery, Section 569.030 had been transferred to § 570.025 as part of the revision and reorganization of Missouri's Criminal Code effective January 1, 2017.

robbery. The Amended Information upgraded the robbery charge to first-degree, but the factual allegations remained identical to those in the original information. The second-degree assault count remained unchanged. The felony stealing count was dismissed in exchange for Appellant's waiver of jury trial. Appellant lodged no objection to the Amended Information. The court accepted the Amended Information, Appellant was arraigned on the amended charges, and a bench trial commenced on the first-degree robbery and second-degree assault charges in the Amended Information.

At trial, Appellant and his sister testified that Appellant was at band practice and not at home at the time of the robbery. In summation, defense counsel stated, "[Appellant's] contention remains that he was not there[,]" and he argued that the co-defendants' testimony was not reliable. Appellant was found guilty moments after closing arguments. The court generally did not find the alibi testimony persuasive, specifically stating, "[T]he primary alibi witness . . . didn't help the [Appellant's] case at all."

## Appointment of Counsel (Points One and Two)

Appellant first contends that the court erred in failing to appoint him counsel for the Hearing, violating Rule 31.02[5] and his constitutional right to counsel at critical stages of his criminal proceedings.

The Hearing clearly was Appellant's initial appearance before the court, subject to the procedures and requirements in Rule 31.02, including "the right to appear and defend . . . by counsel." But the attachment of the right to counsel does not automatically render any pretrial hearing one at which counsel's presence is required. ***State v. Woolery***, No. 85530, slip op. at *4 n.9 (Mo.App. W.D. June 27, 2023). The U.S. Constitution requires

---

[5] Unless otherwise indicated, Rule references are to Missouri Court Rules (2019).

4

the appointment of counsel within a reasonable time to allow for adequate representation at any "critical stage" before trial and at trial. ***Rothgery v. Gillespie Cnty., Tex.***, 554 U.S. 191, 212 (2008). A "critical stage" involves a trial-like confrontation during which counsel could assist with legal issues or in meeting the adversary's challenge. ***Id.*** at n.16.

Rule 31.02(a) anticipates at least *some* defendants will be self-represented at their initial appearance before a judge. The absence of counsel does not compel the appointment of counsel before proceeding with the initial appearance; rather, it triggers the court's duty "to advise [the defendant] of his right to counsel, and of the willingness of the court to appoint counsel to represent him if he is unable to employ counsel." Rule 31.02(a). Appointment of counsel is *required* only after a showing of indigency or when the gravity of the offense charged or other circumstances affecting the defendant are such that failure to appoint counsel may result in injustice to the defendant. Rule 31.02(a).

The Hearing was an initial appearance but it was not an arraignment as Appellant contends. "[A]rraignment shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto. He shall be given a copy of the indictment or information before he is called upon to plead." Rule 24.01. The docket entries use the label "arraignment" and reflect a "Not Guilty" plea was entered; however, no indictment or information had been filed by the state prior to the Hearing. Regardless of the "arraignment" label, a trial court cannot hold a proper arraignment until after the state has filed an information or indictment. ***State v. Heidbrink***, 670 S.W.3d 114, 134 (Mo.App. 2023). The record reflects that a felony information was not filed until March of 2019 and the hearing at which Appellant actually waived formal arraignment and entered a "Not Guilty" plea occurred in April of 2019. The Hearing in January of 2019 was not an arraignment.

5

Even if the Hearing had been an arraignment, the Supreme Court of Missouri has repeatedly stated that arraignment is not a critical stage in a criminal proceeding and therefore the absence of counsel does not violate due process absent a showing of prejudice to the accused. *Woolery*, slip op at *5 and cases cited therein. If an arraignment is not deemed a critical stage per se, then an initial appearance, which is not subject to the formalities and procedures of an arraignment hearing or trial-like confrontation, also would not qualify as a critical stage for counsel appointment purposes unless a defendant could show he was prejudiced by the absence of counsel.

In this case, Appellant has not shown any recognizable prejudice, *i.e.* that he lost any rights or defenses, that the state gained an advantage, or that the lack of counsel at the Hearing deprived him of a fair trial. *See id.* at *6. He also has not shown that he was indigent and would have qualified for appointed counsel. Instead, the record shows Appellant knew he could hire an attorney to represent him and he had the means to do so because counsel entered an appearance 19 days after the Hearing and appeared with Appellant at his arraignment and preliminary hearing. As in *Woolery*, counsel made no complaint about Appellant appearing without counsel at the Hearing, and no defenses had been foreclosed to Appellant before counsel entered an appearance. *Id.* Points One and Two are denied.

### Record of the Hearing (Point Three)

The Hearing was not recorded and therefore could not be transcribed for review on appeal. Appellant argues the failure to record the Hearing precludes meaningful appellate review because he cannot prepare and file "all of the record, proceedings and evidence necessary to the determination of all questions to be presented . . . to the

6

appellate court for decision." Rule 81.12(a) (2022). He requests the case be remanded to make a proper record.

We deny this point for three reasons. First, as set forth in our discussion of Points One and Two, we are not convinced that the Hearing qualifies as an "arraignment." Second, Appellant has not shown that he waived counsel at or prior to the Hearing, an express condition necessary to trigger the preservation requirement in Rule 31.02(b). Finally, and perhaps most importantly, the absence of a transcript or recording of the Hearing did not hamper our ability to meaningfully review Points 1 and 2 as presented. *See **Woolery***, slip op at *7 (When an appellant requests remand due to noncompliance with Rule 31.02(b), the relevant question is whether the absence of a transcript or recording hampers the appellate court's ability to meaningfully review the points raised on appeal.). Point Three is denied.

**Amended Information (Points Four and Five)**

Appellant next contends the court erred in permitting the state to amend the felony information.

"Typically, we review the decision to allow leave to file an amended charging document for abuse of discretion." ***State v. Nelson***, 505 S.W.3d 437, 442 (Mo.App. 2016). Rule 23.08 (2021) permits the amendment of an information "at any time before verdict or finding if: (a) No additional or different offense is charged, and (b) A defendant's substantial rights are not thereby prejudiced." To preserve a claim that the court erred in permitting amendment of an information, a defendant must make a specific, contemporaneous objection. ***Id.*** Appellant did not do so; therefore, appellate review, if any, would be for plain error under Rule 30.20. ***Id.***

"Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error 'facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted.'" *State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020) (quoting *State v. Clay*, 533 S.W.3d 710, 714 (Mo. banc 2017)). Appellant has not satisfied this threshold to obtain plain error review.

Appellant contends his alibi defense was frustrated by the amendment of the robbery charge, but an alibi defense was equally available to Appellant under a charge of either first-degree or second-degree robbery. The defense was not precluded (1) from cross-examining the state's witnesses about Appellant's alibi, (2) from presenting their own alibi witnesses, or (3) from arguing alibi in summation. The court's remarks after summation and before the finding of guilt indicate the court considered, but was not persuaded by, the alibi evidence.

Appellant further contends the court's decision was erroneous in that he was entitled to, but did not receive, a preliminary hearing on the Amended Information pursuant to § 544.250. Contributing to this error was the prosecutor's misstatement to the court that Appellant had been bound over from associate court on a first-degree robbery charge. Yet Appellant makes no argument that the outcome of the trial would have been different if he had received the benefit of *another* preliminary hearing on the same robbery facts that had already been considered. The elements charged and facts alleged in the original information could have constituted first-degree robbery even though it was charged as second-degree robbery.

"[H]aving reviewed and considered the record on appeal, the parties' briefs, and the alleged trial errors for which plain error review is requested, [Appellant] has failed to

persuade us that we should exercise our discretion to engage in plain error review." ***State v. Sinor***, 593 S.W.3d 113, 116 (Mo.App. 2020). Points Four and Five are denied.

## Sufficiency of Serious Physical Injury Evidence (Point Six)

The state alleged Appellant forcibly stole from Victim "and in the course thereof [Appellant] caused serious physical injury" to Victim. There is no question Victim sustained physical injuries during the robbery. Appellant acknowledged the injuries and defense counsel commented, "[It] is rather obvious that [Victim] was [injured]." Appellant contends the state did not meet its burden to prove Victim's physical injuries were "serious," as is required for a first-degree robbery conviction.

We review to determine "whether there was sufficient evidence from which a reasonable fact-finder could have found each element of the offense to have been established beyond a reasonable doubt." ***State v. Tilton***, 660 S.W.3d 500, 502 (Mo.App. 2023). We accept as true all evidence and inferences favorable to the judgment, and we disregard all evidence and inferences to the contrary. ***Id.***

"Serious physical injury," as defined in § 556.061(44), "can be described as consisting of three categories of injuries: (1) physical injury 'that creates a substantial risk of death;' (2) physical injury 'that causes serious disfigurement;' or (3) physical injury that causes 'protracted loss or impairment of the function of any part of the body.'" ***State v. Carpenter***, 592 S.W.3d 801, 805 (Mo.App. 2019) (quoting ***State v. Hughes***, 469 S.W.3d 894, 900 (Mo.App. 2015)).

The record, when viewed in the light most favorable to the court's decision, contains sufficient evidence from which the court could have reasonably found that Appellant created a substantial risk of death to Victim, thereby satisfying the element that Defendant caused serious physical injury. Appellant sucker punched Victim in the back

of the head, causing him to fall to the ground, briefly lose consciousness, break an orbital bone, and break his nose. Appellant and the co-defendants then continued to beat Victim, who was unable to get up until after the beating stopped.

"Considerable precedential authority establishes that a defendant strangling or striking the victim to a loss of consciousness supports a . . . finding that serious physical injury occurred." *State v. Madrigal*, 652 S.W.3d 758, 767 (Mo.App. 2022). Punching the victim's head with a fist, victim's loss of consciousness from an aggressor's attack, and an aggressor's continual infliction of injuries on a victim after the victim's loss of consciousness have all been factors that supported findings of "serious physical injury." *State v. Hall*, 561 S.W.3d 449, 453 (Mo.App. 2018), and cases cited therein. *See also State v. Norwood*, 8 S.W.3d 242 (Mo.App. 1999) (serious physical injury resulted from defendant striking the victim in the back of the head, causing victim to fall to the ground and lose consciousness, followed by defendant stomping on victim's head twice).

The degree of physical injury was a fact question for the trial judge. *State v. Fuller*, 267 S.W.3d 764, 766 (Mo.App. 2008). "We do not reweigh the evidence, but determine only if the conviction is supported by sufficient evidence. The cases cited above so indicate." *Id.* (internal citation omitted). Point Six is denied.

### Sufficiency of Second-Degree Assault Charge (Point Seven)

In both the original and amended information, the state alleged that Appellant committed second-degree assault in that he "knowingly caused physical injury to [Victim] by hitting him in his face and body causing multiple lacerations and sever[e] bruising to his face and both legs." Appellant contends the charge was insufficient because it did not contain an allegation that the injuries were caused "by means of deadly weapon or dangerous instrument," an essential element of second-degree assault under

10

§ 565.052.1(2). Appellant argues the state only alleged facts that, if proven, would have constituted third-degree assault under § 565.054, a class E felony.

"Whether a charging document is sufficient to state an offense is a question of law, which we review *de novo.*" ***State v. Hendricks***, 619 S.W.3d 171, 183 (Mo.App. 2021). In determining sufficiency, we look at the information from its four corners and in its entirety. ***State v. Wright***, 431 S.W.3d 526, 533 (Mo.App 2014).

> As stated in ***State v. Rohra,***
>
> The purpose of an indictment or information is to inform the accused of charges against him so that he may prepare an adequate defense and to prevent retrial on the same charges in case of an acquittal. A challenge to the sufficiency of a charging document tests whether it alleges the essential elements of the offense and clearly apprises the defendant of facts constituting the offense.

545 S.W.3d 344, 347 (Mo. banc 2018) (internal citation, footnote, and punctuation omitted). "Where the information expressly refers to a statutory section that contains the elements of the crime, the information is not fatally insufficient even if the information itself does not repeat all of the elements of the offense." ***Hendricks***, 619 S.W.3d at 183 (quoting ***State v. Allen***, 905 S.W.2d 874, 879 (Mo. banc 1995)).

An objection to the sufficiency of the charging document typically would be raised prior to trial. In this case, the issue was raised for the first time on appeal.[6] While the timing does not preclude our review on the merits, it does narrow our scope of review. ***State v. Sparks***, 916 S.W.2d 234, 237 (Mo.App. 1995).

> [W]hen a defendant objects to the sufficiency of the charging document *only after* he already has been convicted, the charging document will be deemed insufficient only if it is so defective that (1) it does not by any reasonable construction charge the offense of which the defendant was

---

[6] Appellant argues his oral motions for directed verdict and written motions for judgment of acquittal raised this issue. The oral motions included no substantive argument and the written motions were cookie-cutter documents containing only bare generalities, which did not apprise the circuit court of any objection to or defect in the Amended Information.

convicted, or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced. The defendant also must establish actual prejudice.

*State v. Collins*, 328 S.W.3d 705, 708 n.4 (Mo. banc 2011) (internal citations and punctuation omitted).

Appellant's construction of the charge is reasonable, but not to the exclusion of another reasonable construction: that the state intended to prove Appellant knowingly caused serious physical injury to Victim. Section 565.052.1(3) provides that a person commits second-degree assault if he or she "[r]ecklessly causes serious physical injury to another person." Although "recklessly" and "knowingly" are different mental states, the former, being the less culpable, is encompassed within the latter. "When recklessness suffices to establish a culpable mental state, it is also established if a person acts purposely or knowingly." Section 562.021.4.

While we do not condone the omission of "serious" before "physical injury" in the charge, the Amended Information, considered in its entirety, put Appellant on notice that the state intended to show Appellant caused serious physical injury to Victim. Appellant had adequate notice and opportunity to prepare a defense contesting the seriousness of Victim's physical injuries on the robbery charge. Such a defense also would have been a defense against the second-degree assault charge. Moreover, the main defense Appellant chose to pursue, alibi, would have been equally effective regardless of which degree of assault was charged, had the court been persuaded by that defense.

The second-degree assault charge, though not ideal, provided adequate notice to Appellant so that he had the opportunity to prepare a defense and to prevent retrial on the same charge in the case of acquittal. Furthermore, Appellant has not convinced us

that the court's decision would have been different if the state had pleaded the second-degree assault charge more precisely.  Point denied.  Judgment and convictions affirmed.

JACK A. L. GOODMAN, C.J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

GINGER K. GOOCH, J. – CONCURS